1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patrick S. Hunter; Linda M. Hunter, | CV 11-01549-PHX-FJM |
| Plaintiffs, | **ORDER** |
| vs. | |
| CitiMortgage, Inc.; Federal Home Loan Mortgage Corp. also known as Freddie Mac, | |
| Defendants. | |

The court has before it defendants' motion to dismiss (doc. 6), plaintiffs' response (doc. 11), and defendants' reply (doc. 12).

**I**

In January 2005, plaintiffs obtained a loan from Homeowners Financial Group USA, LLC secured by a Deed of Trust ("DOT") on their home. Mot. to Dismiss, ex. A.[1] The loan was later serviced by defendant CitiMortgage ("Citi"). In November 2008, plaintiffs contacted defendant Citi regarding a possible loan modification. Up until this point plaintiffs had made all their mortgage payments, but were experiencing financial struggles due to a job loss. A Citi representative told plaintiffs they needed to be at least sixty days late on their payments to be considered for a loan modification. Plaintiffs stopped making payments. A

---

[1] In their complaint, plaintiffs reference a loan secured in 2002 from Spectrum Financial Group. However, the loan that resulted in a trustee sale was the 2005 loan originally secured by Homeowners Financial Group. We may take judicial notice of documents that are central to plaintiff's claims on a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P. Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006).

Notice of Trustee's Sale was issued on January 5, 2009.[2] Mot. to Dismiss, ex. C.

In May 2009, plaintiffs applied for a loan modification. According to plaintiffs, Citi represented that the trustee sale would be postponed while plaintiffs attempted to modify their loan. Plaintiffs began making payments pursuant to their Home Affordable Modification Program's ("HAMP") trial payment plan in October 2009. The final payment was made in December 2009, however the payment was returned due to insufficient funds in plaintiffs' account. Plaintiffs immediately contacted defendant Citi to make arrangements for payment. Citi refused to accept payment, indicating that plaintiffs had failed to comply with HAMP. Plaintiffs tried again in January 2010 to rehabilitate their HAMP modification, however their request was denied. Citi started to work with plaintiffs to see if they would qualify for a private investor loan modification. Over the next seven months, plaintiffs cooperated with Citi and provided the requested documentation. In the meantime, plaintiffs' property was sold at a trustee sale on May 12, 2010.

Citi ultimately approved plaintiffs' private investor modification application, and sent plaintiffs a letter dated July 30, 2010 that included a permanent loan modification with an effective date of September 1, 2010. Plaintiffs immediately executed the permanent modification agreement and sent it to Citi in August 2010. Because plaintiffs did not hear from Citi after sending the executed agreement, plaintiffs contacted Citi in mid-September to confirm whether Citi had received the documents. Plaintiffs were informed that Citi had not received them, and so would have to reissue and send a new set. Plaintiffs were in contact with Citi throughout October and November 2010 regarding the status of the modification documents. Plaintiffs were told each time they spoke with Citi representatives that the new modification paperwork would arrive in thirty to forty-five days. Plaintiffs continued to wait.

On January 20, 2011, plaintiffs were contacted by an employee of defendant Federal Home Loan Corporation ("Freddie Mac") who notified them that their home had been sold

---

[2] We take judicial notice of this document. Marder, 450 F.3d at 448.

at a trustee sale. Plaintiffs were contacted again on February 21, 2011, and were told they must vacate the property by March 22, 2011 or face eviction. Plaintiffs called Citi to find out what was happening, and were told that Citi had no record of the signed permanent loan modification documents being received, and no record of a new set being mailed to plaintiffs. Defendant Freddie Mac obtained a judgment of forcible detainer against the plaintiffs in April 2011, and plaintiffs were evicted on July 7, 2011.

Plaintiffs originally filed this action on July 21, 2011 in the Superior Court of Arizona in Maricopa County seeking relief for five counts: (1) breach of contract, (2) breach of fiduciary duty, (3) declaratory judgment, (4) quiet title, and (5) fraud and negligent misrepresentation. Defendants removed to this court on August 8, 2011. On August 15, 2011, defendants moved to dismiss all five counts pursuant to Rules 12(b)(6) and 9(b), Fed. R. Civ. P. (doc. 6).

## II

This action was filed more than one year after the trustee sale was held. Plaintiffs do not allege that they were unaware that a trustee sale had been noticed. Instead, plaintiffs contend that Citi "fail[ed] to notify the Plaintiffs that the trustee sale date that had been scheduled would proceed and. . . fail[ed] to postpone the trustee sale pursuant to [its] commitments and contractual obligations to do so." Compl. at 6. Under A.R.S. § 33-811(C),

> [t]he trustor . . . shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure, entered before 5:00 p.m. mountain standard time on the last business day before the scheduled date of the sale.

Plaintiffs did not file a motion in state or federal court or seek an injunction prior to the May 2010 trustee sale. Because plaintiffs in this case did not seek legal intervention in time, they have waived any objections or defenses to the sale. Accordingly, plaintiffs' claims seeking a declaratory judgment to invalidate the trustee sale (count three) and quieting of title to the property (count four) are dismissed.

## III

Section 33-811(C) does not prevent plaintiffs from asserting claims for relief independent of voiding the trustee sale. See Woods v. BAC Home Loans Servicing LP, CV-10-723-PHX-GMS, 2011 WL 2746310 at *2 (D. Ariz. July 15, 2011). We therefore turn to plaintiffs' remaining claims in counts one, two, and five. Plaintiffs first allege in count one that defendants breached the terms of the DOT and the implied covenant of good faith and fair dealing by conducting a trustee sale after "wrongfully declining" plaintiffs' loan modification under HAMP. Compl. at 5. Plaintiffs also allege that defendant Citi breached its contractual duties under HAMP by failing to accept the third trial payment. Finally, plaintiffs allege that Citi promised plaintiffs that it was sending new permanent loan modification documents, and promised that the pending trustee sale would be postponed until plaintiffs received and signed these new documents. Citi allegedly breached these promises by failing to postpone the trustee sale.

"To prevail on a claim for breach of contract, the plaintiff must prove the existence of a contract between the plaintiff and defendant, a breach of the contract by the defendant, and resulting damage to the plaintiff." Frank Lloyd Wright Found. v. Kroeter, 697 F. Supp. 2d 1118, 1125 (D. Ariz. 2010). Plaintiffs cannot pursue any claims premised on defendants' violation of HAMP. HAMP does not contain a private right of action. See Puzz v. Chase Home Fin., 763 F. Supp. 2d.1116, 1122 (D. Ariz. 2011). Moreover, plaintiffs are not third party beneficiaries of HAMP. See Astra USA, Inc. v. Santa Clara Cnty., __ U.S. __, 131 S.Ct. 1342, 1348 (2011) ("[t]he absence of a private right to enforce the statutory [ ] obligations. . . would be rendered meaningless if [ ]entities could overcome that obstacle by suing to enforce the contract. . .instead."); Wright v. Chase Home Fin. LLC, No. CV-11-0095-PHX-FJM, 2011 WL 2173906, at *2 (D. Ariz. June 2, 2011). To the extent that count one alleges HAMP violations, we dismiss these claims.

Next, plaintiffs aver that once defendants started negotiating a possible loan modification, they owed a duty of good faith and fair dealing, which they breached by failing to postpone the trustee sale. "The law implies a covenant of good faith and fair dealing in every contract," which requires that "neither party will act to impair the right of the other to

receive the benefits which flow from their agreement." <u>Rawlings v. Apodaca</u>, 151 Ariz. 149, 153, 726 P.2d 565, 569 (1986). If no contract is alleged, however, no implied covenant of good faith and fair dealing exists. <u>Narramore v. HSBC Bank USA, N.A.</u>, No. 09-CV-635-TUC-CKJ, 2010 WL 2732815, at *6 (D. Ariz. July 7, 2010).

Plaintiffs point to Citi's failure to adhere to HAMP guidelines while engaging in loan modification negotiations as evidence of Citi's breach of the covenant of good faith and fair dealing "which is a part of the Deed of Trust." <u>Response</u> at 4. As we have already stated, plaintiffs cannot assert claims premised on HAMP violations. Plaintiffs have not pled the existence of a separate enforceable contract to negotiate for a loan modification in good faith, and thus any claims alleging a violation of good faith and fair dealing arising from the loan modification negotiations fail. Finally, plaintiffs' claim that Citi breached its duty by executing the trustee sale after representing it would postpone the sale is also unavailing. By signing the DOT, plaintiffs agreed that if they defaulted on their loan obligations, which they admit occurred, a trustee sale could proceed. <u>Mot. to Dismiss</u>, ex. A at ¶ 22. Plaintiffs have not alleged that they entered into a separate contract with Citi to postpone the sale. For all of these reasons, we dismiss count one.

**IV**

Plaintiffs allege in count two that defendant Citi breached its fiduciary duty by failing to negotiate the loan modification in good faith, failing to accept the third trial payment, failing to send new permanent loan modification documents as requested, and failing to postpone the trustee sale as promised. In Arizona it is "well settled" that, absent special agreement, the relationship between a bank and its customer is that of lender and borrower and is not a fiduciary relationship. <u>McAlister v. Citibank (Arizona)</u>, 171 Ariz. 207, 212, 829 P.2d 1253, 1258 (Ct. App. 1992). Taking out a mortgage loan with a bank and engaging in loan modification negotiations represents "nothing more than an ordinary banking relationship." <u>Bowman v. Wells Fargo Bank, N.A.</u>, CV-09-271-PHX-DGC, 2010 WL 1408893, at *3 (D. Ariz. Apr. 7, 2010). Plaintiffs have not pled any facts suggesting that their relationship with Citi was anything more than that of borrower and lender. Without the

existence of a fiduciary duty, there can be no breach. Count two is dismissed.

**V**

Finally, we address plaintiffs' claims in count five of fraud and negligent misrepresentation. Plaintiffs allege that Citi actively represented that the trustee sale would be postponed both during the HAMP loan modification process and during the time that plaintiffs were awaiting their approved private investor permanent loan modification documents. According to plaintiffs, defendants failed to notify plaintiffs that the trustee sale would proceed and did so with the intent to deprive plaintiffs of their home. Plaintiffs detrimentally relied on defendants' representations by failing to take actions to forestall the sale. Defendants move to dismiss both claims under Rule 9(b), Fed. R. Civ. P., and to dismiss the negligent misrepresentation allegation for failure to state a claim.

We first address the negligent misrepresentation claim. In Arizona,"[a] promise of future conduct is not a statement of fact capable of supporting a claim of negligent misrepresentation." McAlister, 171 Ariz. at 215; 829 P.2d at 1261. Here, plaintiffs allege that Citi stated it would postpone the trustee sale and that it would resend the permanent loan modification documentation. These allegations relate to promises of future conduct and are not statements of past or existing fact. Therefore, we dismiss the negligent misrepresentation claim in count five for failure to state a claim.

We now turn to plaintiffs' fraud claim. Defendants first argue this is barred by the statute of frauds. In Arizona, mortgage loan agreements are interests in real property. According to the statute of frauds, they must be in writing to be enforceable. Fremming Const. Co. v. Security Sav. & Loan Assn., 115 Ariz. 514, 516, 566 P.2d 315, 317 (Ct. App. 1977). Modifications to contracts falling within the statute of frauds must also be in writing. Best v. Edwards, 217 Ariz. 497, 501-02, 176 P.3d 695, 699-700 (Ct. App. 2008). Defendants argue that Citi's alleged promise to stall the trustee sale amounted to a modification of the DOT. Thus, according to defendants plaintiffs' fraud claim must fail because it is based on an allegedly oral agreement to alter a DOT, a modification which must be in writing. We disagree. Viewing the complaint in the light most favorable to the plaintiffs, the complaint

does not allege that the postponement of the trustee sale amounted to a modification of the DOT. Plaintiffs are not alleging that Citi's representations were an agreement never to proceed with a trustee sale in the future. Instead, plaintiffs allege that Citi represented that it would not enforce its rights under the DOT while the loan modification process was pending, and plaintiffs relied on this representation to their detriment. Consequently, the statute of frauds does not bar plaintiffs' fraud claim.

Alternatively, defendants argue that the fraud claim lacks particularity. When alleging claims of fraud, a party "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Allegations of fraud must be specific enough to give defendants notice of specific misconduct, including the "who, what, when, where, and how" of the challenged conduct. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)). Plaintiffs generally allege that Citi represented it would postpone the trustee sale. These statements were apparently made by Citi representatives to plaintiffs at some point during the loan modification process. However, the complaint does not include facts illuminating, among other things, the conditions under which defendants promised to postpone the sale (the "what"), when the postponement of the sale was first proposed (the "when"), who at Citi promised to postpone the sale (the "who"), and the means in which this promise was communicated (the "how" and "where"). Even construing the complaint in the light most favorable to the plaintiff, it is not possible to ascertain with sufficient particularity the specific misconduct that Citi, or Freddie Mac, or both, committed. We thus dismiss the fraud claim in count five under Rule 9(b), Fed. R. Civ. P.

**VI**

Therefore, **IT IS ORDERED GRANTING** defendants' motion to dismiss (doc. 6).

DATED this 4th day of October, 2011.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge

- 7 -