**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patrick S. Hunter; Linda M. Hunter, <br><br> Plaintiffs, <br><br> vs. <br><br> CitiMortgage, Inc.; Federal Home Loan Mortgage Corp. also known as Freddie Mac, <br><br> Defendants. | CV 11-01549-PHX-FJM <br><br> **ORDER** |

The court has before it plaintiffs' motion for reconsideration (doc. 15). This case arises out of a trustee sale of plaintiffs' home which resulted in their eviction. We granted defendants' motion to dismiss all five counts (doc.13). Plaintiffs argue that we committed clear error and were manifestly unjust by failing to allow plaintiffs to amend their complaint.

Under LR Civ 7.2(g), a court should deny a motion for reconsideration "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." Rule 15(a)(2), Fed R. Civ. P. instructs that a party can only amend its pleadings, other than as a matter of course, with the other party's consent or with the court's leave. LR Civ 15.1 requires that a party moving for leave to amend must attach a copy of the proposed pleading to the motion to amend. An amendment must not prejudice an opposing party, be sought in bad faith, produce undue delay, or be futile. AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th

Cir. 2006).

Plaintiffs failed to properly seek leave to amend in their response to defendants' motion to dismiss because they did not attach a copy of the proposed amended pleading as an exhibit to the motion. <u>See</u> LRCiv. 15.1. Absent that, we could not evaluate whether amendment would be futile. It was not clear error nor manifestly unjust for the court to refrain from granting leave to amend when a motion to amend was not properly before this court.

**IT IS ORDERED DENYING** plaintiffs' motion for reconsideration (doc. 15).

DATED this 20th day of October, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge